UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:12-cr-0102-TWP-DML-45 ) |
| TOMMY SIMS, | ) ) |
| Defendant. | ) |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 14, 2017, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 5, 2017 and April 12, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 5, 2017 and April 12, 2017, defendant Tommy Sims appeared in person with his retained counsel, Dennis Zahn. The government appeared by Brad Blackington, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Sims of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Sims questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Sims and his counsel, who informed the court they had reviewed the Petition and that Mr. Sims understood the violations alleged. Mr. Sims waived further reading of the Petition.

3. The court advised Mr. Sims of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Sims was advised of the rights he would have at a preliminary hearing. Mr. Sims stated that he wished to waive his right to a preliminary hearing.

4. Mr. Sims stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Sims orally waived his right to a preliminary hearing, which the court accepted.

5. The court advised Mr. Sims of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Sims, by counsel, stipulated that he committed Violations Numbered 1, 2, 3, and 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |

On March 8, 2017, Mr. Sims was arrested for Operating a Vehicle While Intoxicated and charged in Marion County Superior Court, Cause No. 49G12-1703-CM-9093. Records reflect Officer Koeller with the Indianapolis Metropolitan Police Department made contact with Mr. Sims after his vehicle failed to move forward at a traffic light. Officer Koeller observed Mr. Sims passed out behind the wheel with the vehicle in drive. Once Mr. Sims was woken up, Officer Koeller observed a strong order of alcohol coming from him along with glassy bloodshot eyes. Mr. Sims admitted to consuming a couple of alcoholic beverages earlier, and was unable to successfully complete several field sobriety tests. He was ultimately arrested and charged as noted above.

2   **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer, any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

As noted above, on March 8, 2017, Mr. Sims had consumed alcohol in excess and was arrested for Operating a Vehicle While Intoxicated.

3   **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

As noted above, on March 8, 2017, Mr. Sims was arrested for Operating a Vehicle While Intoxicated, and was under the influence of alcohol. At the time of the arrest, he was in an outpatient substance abuse counseling program.

4   **"The defendant shall refrain from any unlawful use of a controlled substance."**

As previously reported to the Court, Mr. Sims tested positive for methamphetamine on January 28, February 3, 18, 23, March 3, and November 26, 2016.

7. The court placed Mr. Sims under oath and directly inquired of Mr. Sims whether he admitted violations 1-4 of his supervised release set forth above. Mr. Sims admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Sims's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of Mr. Johnson's supervised release, therefore, is 8 - 14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. Government argued for a sentence within guideline range. USPO proposed a sentence of six (6) months with no supervised release to follow. Defendant argued for placement at the Volunteers of America.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, TOMMY SIMS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow. The defendant is to be released pending the district court's action on this Report and Recommendation. Defendant will self-surrender upon designation by the Federal Bureau of Prisons.

Counsel for the parties and Mr. Sims stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Sims entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Sims's supervised release, imposing a sentence of imprisonment of six (6) months with no supervised release to follow. The defendant is to be released pending the district court's action on this Report and Recommendation. Defendant will self-surrender upon designation by the Federal Bureau of Prisons.

IT IS SO RECOMMENDED.

Date: 4/27/17

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal